Gerald J. Hanchulak, Esq.                                   Attorney for Plaintiff
604 South State Street
Clarks Summit, PA   18411
(570) 319-6642
ghanchulak@hanchulaklaw.com
Attorney ID # 56320

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTIRCT OF PENNSYLVANIA

| CARRIE THOMPSON, | : | ELECTRONICALLY FILED |
|---|---|---|
| Plaintiff, | : | No.: |
| vs. | : | Judge: |
| VERIZON PENNSYLVANIA, INC. | : | Civil Action-Law |
| Defendant. | : | JURY TRIAL DEMANDED |

**COMPLAINT**

**AND NOW,** come the Plaintiff, Carrie Thompson, by and through her attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

**I. INTRODUCTION**

1. Plaintiff initiates this action to seek redress against Verizon Pennsylvania, Inc., (hereinafter "Defendant"), her former employer, for unlawful disability discrimination and retaliation, in violation of the Americans with Disabilities Act, the Family Medical Leave Act, Pennsylvania Human Relations Act and other applicable laws.

**II. PARTIES**

2. Plaintiff is an adult and competent individual residing at 214 West Drinker Street, Dunmore, PA 18512.

3.  Defendant, Verizon Pennsylvania, Inc., is believed to be a Delaware corporation that is authorized to do business in Pennsylvania with offices located at 416 Seventh Avenue, Pittsburg, PA 15219.

### III. JURISDICTION AND VENUE

4.  Defendant is an "employer" within the meaning of the Americans with Disabilities Act of 1990, as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5.  Defendant is an "employer" within the meaning of the Family and Medical Leave Act, as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifty (50) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

6.  Defendant maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the PHRA (requiring four of more employees).

7.  Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

8.  Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendant can be served in the District.

9.  Plaintiff has exhausted her administrative remedies, having received an EEOC Dismissal and Notice of Rights dated September 21, 2020.

## IV. FACTUAL BACKGROUND

10. The Plaintiff was employed by the Defendant as a full-time customer service representative from December 5, 2016 through November 21, 2019.

11. The Plaintiff last worked for Defendant on November 21, 2019, when she was suspended, without pay.

12. The Plaintiff's employment was terminated on November 29, 2019.

13. The Defendant's stated reason for terminating Plaintiff's employment was that Plaintiff willfully violated the Defendant's code of conduct, although no specific code section was cited.

14. The Plaintiff did not willfully violate the Defendant's code of conduct.

15. The Plaintiff has a disability, particularly she suffers from severe endometriosis, polycystic syndrome and fibroid tumors.

16. The Plaintiff believes her employment was terminated due to her disability and/or in retaliation for her exercise of her rights under the Family and Medical Leave Act (FMLA).

17. Due to her disability Plaintiff exercised her rights under the FMLA, particularly she took intermittent medical leave when her condition flared up.

18. Prior to Plaintiff exercising her FMLA rights, the Defendant made it clear they did not want employees taking sick time.

19. The first time the Plaintiff called in sick two of the Defendant's representatives came to her home to insure she was actually sick. They made clear that absence was frowned upon.

20. After Plaintiff was approved for intermittent FMLA by the Defendant's third-party administrator, each time Plaintiff would exercise her rights and take an FMLA day, Plaintiff's manager would call Plaintiff and inquire about her absence.

21. Plaintiff's immediate supervisor, Kimberly Dubois, who was the person who terminated Plaintiff's employment, repeatedly told Plaintiff not to get sick and not to take time, even though Ms. Dubois was aware of Plaintiff's condition.

22. Ms. Dubois was able to win trips from the Defendant, based on the performance of her subordinates.

23. In the summer of 2019 Dubois on several occasions said to Plaintiff "Don't take FMLA leave because I have to win that contest!" "Please don't get sick!" or words to that effect.

24. Dubois regularly made clear that she did not like the fact that Plaintiff was missing time.

## COUNT I

## AMERICANS WITH DISABILITIES ACT

25. Paragraphs 1 through 24 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

26. Plaintiff is a "qualified individual with a disability" as the term is defined in the ADA, because she has, and has had, at all time relevant hereto, a physical or mental impairment that substantially limits one or more of her major life activities, or because she has a record of such impairment.

27. Particularly Plaintiff suffers from severe endometriosis, polycystic syndrome and fibroid tumors, resulting in debilitating abdominal cramps, pelvic pain, frequent urination, fatigue, which substantially limits Plaintiff's ability to sit, stand or walk.

28. The foregoing conduct by the Defendant constitutes unlawful discrimination against Plaintiff on the basis of her disability.

29. As a result of the Defendant's unlawful discrimination, substantially limits has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT II

## ADA–RETALIATION

30. Paragraphs 1 through 29 above are incorporated herein by reference, as if the same were set fourth fully herein and at length.

31. In acting as aforesaid, harassing Plaintiff as a result of her disability, including but not limited to, discouraging her use of sick time and/or discouraging Plaintiff from exercising her rights under the FMLA, Defendant violated the ADA.

32. All of the aforesaid was done only after the Defendant became aware of Plaintiff's disability and is causally related thereto.

33. As a result of the Plaintiff's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT III

## FMLA RETALIATION AND INTERFERENCE

34. Paragraphs 1 through 33 above are incorporated herein by reference, as if the same were set fourth fully herein and at length.

35. As stated above, the Plaintiff invoked her right to FMLA benefits, by asserting and exercising her right to intermittent leave.

36. The Plaintiff suffered an adverse employment action on November 21, 2019 when she was suspended without pay and again on November 29, 2019 when she was terminated.

37. Plaintiff's termination was in retaliation for her exercise of her rights under the FMLA.

38. The Defendant interfered with Plaintiff's FMLA rights by constantly attempting to dissuade her from taking leave and harassing her while on leave.

39. After nearly 3 years of service by Plaintiff, respondent cited unspecified code of conduct violations, which Defendant claims led to Plaintiff's termination, however the alleged code of conduct violations were a pretext to the real reason for termination, which was Plaintiff's exercise of her legal rights under the FMLA.

40. When employees invoke rights protected by FMLA, employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" these rights. 29 U.S.C. § 2615 (a) (1). To do so constitutes interference.

41. Employers also cannot "discharge or in any manner discriminate against any individual for opposing any practice made unlawful" under the FMLA. 29 U.S.C. § 2615 (a)(2). This constitutes retaliation.

42. The Defendant herein retaliated against and/or interfered with the legal and proper exercise of FMLA rights by the Plaintiff.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT V

## PENNSYLVANIA HUMAN RELATIONS ACT

43. Paragraphs 1 through 42 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

44. The forgoing conduct by the Defendant constitutes violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

45. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, Plaintiff prays that judgment be entered in her favor as follows:

a. The Defendant be permanently enjoined form permitting ADA, FMLA and/or PHRA discrimination against the Plaintiff;

b. The Defendant be prohibited from continuing to maintain it illegal policy, practice, or custom of permitting ADA, FMLA and/or PHRA discrimination and be ordered to promulgate an effective policy against such illegal practices;

c. The Defendant is to be permanently enjoined from retaliating against the Plaintiff for exercising her rights under State and/or Federal law;

d. The Defendant is to be prohibited from continuing to maintain it illegal policy, practice, or custom of retaliating against employees for engaging in protected activity under State and/or Federal law and be ordered to promulgate an effective policy against such illegal practices;

e. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make her whole for any and all pay and benefits she would have received had it not been for Defendant's unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

f. Plaintiff is to be awarded actual damages caused to her by Defendant's actions;

g. Plaintiff is to be awarded liquidated/punitive damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate to punish the Defendant for it willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

h. Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

I. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable State and Federal law;

j. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage in

further, or ceases engaging in, illegal retaliation against Plaintiff or other witnesses to this action; and

    k.    Plaintiff is to be granted damages for emotional distress brought on by the Defendant's illegal actions set forth above.

                                    Respectfully submitted,
                                    THE HANCHULAK LAW OFFICES, P.C.

                              By: s/Gerald J. Hanchulak
                                    Gerald J. Hanchulak, Esq.
                                    Attorney ID PA 56320
                                    Attorneys for Plaintiff

604 South State Street
Clarks Summit, PA   18411
(570) 319-6642
ghanchulak@hanchulaklaw.com